UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**VALMIKI D. RAMANI**,
:
              Plaintiff,
:   **MEMORANDUM AND ORDER**
:
     – against –
:   22-CV-2087 (AMD) (RER)
:
**TUNECORE INC.**,
:
             Defendant.
:
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff alleges that the defendant illegally distributed copies of his music, and seeks monetary and equitable remedies. (*See* ECF No. 14 at 1-4.) I dismissed the plaintiff's original complaint on April 28, 2022 for lack of subject matter jurisdiction, and gave the plaintiff 30 days to file an amended complaint. (ECF No. 9.) I warned that if the plaintiff did not file an amended complaint by that time, "then judgment dismissing this action will enter." (*Id.* at 3.) The plaintiff did not file an amended complaint within 30 days, and the Clerk of Court entered judgment dismissing the case. (ECF No. 11.) In a June 15, 2022 letter, the plaintiff explained that he never received the order directing him to file an amended complaint. (ECF No. 12.) On June 21, 2022, I granted the plaintiff leave to file an amended complaint within 30 days. (ECF No. 13.) On June 28, 2022, the plaintiff filed an amended complaint consisting of many of the same allegations and exhibits from the original complaint. (*See* ECF No. 14.) Because the amended complaint still does not provide a basis for the Court's subject matter jurisdiction, the case is dismissed without prejudice.

## DISCUSSION

A federal court must "liberally construe[]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this liberal standard, a *pro se* litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8.

If a *pro se* action is frivolous, or if the court lacks subject matter jurisdiction over the matter, a district court may dismiss the action on its own, even if the plaintiff has paid the requisite filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

"A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might

be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation, quotation marks and alterations omitted).

The plaintiff appears to allege a breach of contract claim against the defendant, which does not arise under federal law. Indeed, the plaintiff previously sued the defendant in state court. (*See* ECF No. 14 at 7-9, 15-22, 26.) Nor has the plaintiff alleged facts that show the parties are diverse and that the amount in controversy exceeds $75,000. Thus, the plaintiff has not shown why the Court has federal question jurisdiction or diversity jurisdiction.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment, to mail a copy of this order to the plaintiff and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                       s/Ann M. Donnelly
                                                       ANN M. DONNELLY
                                                       United States District Judge

Dated: Brooklyn, New York
       July 5, 2022